## TAXES FOR WHICH A CORPORATION IS LIABLE ON DISSOLUTION.

Common Pleas Court of Summit County.

### THE STATE OF OHIO, EX REL. GRAY-BECKWITH, INC., *vs.* G. LLOYD WEIL, COUNTY TREASURER.

Decided June 20, 1927.

*Corporations—Taxes Which May Be Collected Upon Dissolution— Construction of Section 5521, Providing for a Certificate Showing All Taxes Paid.*

Payment of all taxes which have been assessed for the current and previous years entitles a corporation, upon completion of statutory proceedings for dissolution prior to the annual assessment of taxes by the county auditor in September or October, to a certificate from the county treasurer that all taxes have been paid; and the certificate cannot be refused on the ground that taxes yet to be assessed for the current year must also be paid before a certificate can issue.

*Jack Griffiths,* for Relator.

*Oscar Hunsicker* and *Lee Ferbstein,* for Defendant.

IN MANDAMUS.

VAUGHAN, J. This cause is an original suit in this court upon the relation of Gray-Beckwith, Inc., an Ohio corporation, to compel the county treasurer of Summit county to issue to Gray-Beckwith, Inc., the certificate required by Ohio General Code, Section 5521, showing that all taxes assessed against Gray-Beckwith, Inc., for the then current and previous years have been paid.

Facts briefly are as follows: In 1927, Gray-Beckwith, Inc., listed for taxation in Summit county personal property valued at approximately Four Thousand Dollars ($4,-000). In May of 1927, William B. Myers, President of Gray-Beckwith, Inc., sent out notices of a stockholders' meeting to be held June 14, 1927, for the purpose of dissolution of said corporation, notices of said coming meeting being published as required by Ohio General Code, Section 8740, and on the designated date the meeting was held according to schedule, at which time it was decided by the stockholders to dissolve the corporation. Application was made to the treasurer of Summit county for the certifi-

cate required by General Code, Section 5521, showing that all taxes for 1927 and previous years assessed against said corporation had been paid.

A careful reading of Section 5521 discloses the fact that a corporation is entitled to the required certificate when they have paid all taxes "assessed" against them for the current and previous years. The only question involved is whether or not the listing of property by the corporation for taxation amounts to or constitutes an assessment of a tax on that property. Ohio General Code, Section 2583, requires the county auditor, on or before the first Monday in August of each year, to prepare duplicate lists of all property subject to taxation in the county, both real and personal. After corrections and additions to this list have been made by the proper authorities and after the amount of state and other taxes have been determined, the auditor then proceeds to assess in accordance with Section 2585, Ohio General Code, all real and personal property previously listed and valued.

The conclusion follows that for any current year taxes are not assessed until sometime in September or October of that year. Gray-Beckwith, Inc., when they applied in June for the certificate required by Section 5521 were entitled to receive the same from the treasurer. Their taxes for all years previous to 1927 had been paid. Although they had listed property in 1927 which was subject to taxation, there had as yet been no assessment of any tax on that property against the corporation and since no tax had been assessed, they could be said to have paid all taxes which were assessed. Any other interpretation of Section 5521 would place a corporation in a position where it would be impossible for them to dissolve any time during the year prior to the time when the property which they had listed for taxation might be assessed. In this case, even should Gray-Beckwith, Inc., have been willing to pay the tax on the property listed by them, they would have been deprived of this privilege, because of the inability of the county treasurer to determine the amount to be paid. For these reasons, a peremptory writ of mandamus is allowed.